UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:   JEAN-PIERRE SCHAFROTH and                               No.   7-11-13685 JR
         GERTRUD SCHAFROTH,

Debtors.

## ORDER DENYING MOTION TO DISMISS

THIS MATTER is before the Court on the Motion to Dismiss filed by the Debtors, Jean-Pierre Schafroth and Gertrud Schafroth, by and through their counsel of record, Charles Hawthorne.  The Chapter 7 Trustee, Clarke C. Coll, opposes the Motion to Dismiss.  The Court held a final hearing on the merits on May 14, 2012 and took the matter under advisement. The parties agreed that the Court could take judicial notice of the documents filed of record in this bankruptcy case and the proofs of claim filed in the bankruptcy case.[1]  After reviewing the record of this bankruptcy case and the claims on file in this case, and after considering the testimony admitted in evidence at the final hearing, the Court concludes that the Motion to Dismiss must be denied.   In reaching this determination the Court finds:

1. The Debtors are Swiss nationals who moved to New Mexico in 1991 to purchase and operate a business in Ruidoso, New Mexico known as Innsbrook Lodge (the "business").

2. Mr. Schafroth used funds from his retirement fund in Switzerland to purchase the business.

3. The Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code on August 15, 2011.

---

[1] The Court also takes judicial notice of Adversary Proceeding No. 12-1154 and the documents filed of record in that proceeding to support finding number 10 below.  *See* Rule 201(b)(2) and (c), Fed.R.Evid. (providing that a court may take judicial notice of "a fact that is not subject to reasonable dispute because it . . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned[,]" and providing further that the court "may take judicial notice on its own.")).  *See also In re Smith,* 2012 WL 1123049, at *1 (Bankr.W.D.Tex. April 3, 2012)(acknowledging that "[a]s a general matter, courts may take judicial notice of documents filed in another court, though merely to establish that such documents have been filed, or to establish the existence of litigation.")(citation omitted).

4. On Schedule B, the Debtors listed an interest in an IRA with a current value of $120,000.00. *See* Docket No. 1.

5. The Debtors claimed the entire value of the IRA as exempt under 11 U.S.C. § 522(d)(2). *See* Docket 1 – Schedule C.

6. The Chapter 7 Trustee filed an objection to the Debtors' claim of exemption in the $120,000.00 identified on Schedules B and C as an IRA (the "Funds"), asserting that the Funds represented proceeds from the Debtors' sale of the business in 2010 that the Debtors then deposited into a Swiss bank account. *See* Docket No. 12.

7. On December 7, 2011, The Chapter 7 Trustee filed an amended objection to the Debtors' claim of exemption in the Funds, asserting, among other things, that the Funds are not qualified retirement benefits and are not currently on deposit in a qualifying retirement account. *See* Docket No. 23.

8. The Debtors did not respond to the Chapter 7 Trustee's amended objection to the Debtors' claim of exemption, and an Order Granting Trustee's Amended Objection to Exemptions was entered on February 23, 2012. *See* Docket No. 28. The Debtors' claim of exemption in the Funds identified as an IRA on the Debtors' Schedule B and C was disallowed.

9. Following the disallowance of the Debtors' claim of exemption, the Chapter 7 Trustee filed an adversary proceeding seeking turnover of the Funds on deposit in the Swiss bank account. *See* Complaint for Turnover - Adversary Proceeding No. 12-1154, Docket No.1.

10. On April 25, 2012, the Chapter 7 Trustee obtained a judgment by default against the Debtors in Adversary Proceeding No. 12-1154, which directed the Debtors to turnover the Funds held in the Swiss bank account to the Chapter 7 Trustee. *See* Order Granting Default Judgment – Adversary Proceeding No. 12-1154, Docket No. 8.

11. Debtors filed the Motion to Dismiss on March 13, 2012. *See* Docket No. 30.

12. The Debtors' Schedule F reflects twenty-two creditors holding a total of $144,658.00 in unsecured claims.

13. The claims register in the Debtors' bankruptcy case reflects total filed claims, including general unsecured claims, in the amount of $67,556.14.

14. The Debtors concede that no exemption would protect the Debtors' interest in the Funds, and, if this case is not dismissed, their creditors who filed timely claims would have to be paid in full. *See* Motion to Dismiss, ¶ 6.

15. When the Debtors commenced this bankruptcy case, they believed in good faith that the proceeds from the sale of their business were exempt retirement funds; they used their retirement funds in order to purchase the business in the first place, and thought that the Funds had been deposited in a qualified retirement account.

16. The Debtors seek to dismiss their bankruptcy case so that they can negotiate and pay creditors on their own. *Testimony of Jean-Pierre Schafroth.*

## DISCUSSION

The Debtors seek to voluntarily dismiss their case under 11 U.S.C. § 707.[2] Dismissal under 11 U.S.C. § 707(a) may only be granted after notice and a hearing, and only upon a showing of "cause." 11 U.S.C. § 707(a). The examples of actions that constitute "cause" for dismissal enumerated in the statute are generally aimed at improper conduct on the part of the debtor and are typically relied upon by creditors or the United States trustee seeking dismissal.[3] However, the list is not exhaustive[4], and, while 11 U.S.C. § 707(a) does not expressly refer to dismissal by a chapter 7 debtor, a chapter 7 debtor may seek to dismiss his or her own bankruptcy case, provided that the debtor demonstrates cause.[5] A debtor does not have an

---

[2] Section 707(a) provides, in relevant part:
  The court may dismiss a case under this chapter only after notice and a hearing and only for cause[.]
  11 U.S.C. § 707(a).

[3] *See* 11 U.S.C. § 707(a)(cause includes "(1) unreasonable delay by the debtor that is prejudicial to creditors; (2) nonpayment of any fees or charges required under chapter 123 of title 27; and (3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521(a), but only on a motion by the United States trustee.")

[4] *See In re Turpen,* 244 B.R. 431, 434 (8th Cir. BAP 2000)("Section 707(a) provides three illustrative examples of cause. However these examples are not exclusive; therefore, other grounds constituting 'cause' may justify dismissal.")(citations omitted).

[5] *See In re Hopper,* 404 B.R. 302, 306 (Bankr.N.D.Ill. 2009)("Although § 707(a) does not expressly refer to a voluntary dismissal by the debtor, courts routinely apply it to such a motion.")(citing *Schwartz v. Geltzer (In re Smith),* 507 F.3d 64, 72 (2nd Cir. 2007)(remaining citations omitted); *In re Jabarin,* 395 B.R. 330, 337 (Bankr.E.D.Pa. 2008)(acknowledging that "[a]lthough the Code does not expressly address whether §707 applies to a debtor seeking voluntary dismissal of his own petition, 'courts have found that chapter 7 debtors may move for

3

absolute right to dismiss a voluntary Chapter 7 bankruptcy case.[6] The debtor, as the movant, bears the burden of demonstrating sufficient cause for dismissal.[7] Many courts apply a series of factors to assess whether a debtor's voluntary dismissal is appropriate.[8] Whether dismissal should be granted falls within the Court's sound discretion.[9] Even when applying the various factors under a totality of circumstances approach, by far the most important consideration is whether dismissal will prejudice creditors.[10] With these guidelines in mind, the Court finds that dismissal is not appropriate.

Debtors who voluntarily choose to file a bankruptcy case enjoy the benefits that the Bankruptcy Code affords, but must also bear the attendant burdens.[11] The Debtors mistakenly

---

voluntary dismissal under this section'")(quoting *In re Hopkins,* 261 B.R. 822, 823 (Bankr.E.D.Pa. 2001)(remaining citations omitted).

[6]*See Hopper,* 404 B.R. at 306 ("a debtor does not have an absolute right to dismiss a Chapter 7 case even if begun on a voluntary petition.")(citing *Turpen,* 244 B.R. at 434)(remaining citations omitted) .

[7]*Sicherman v. Cohara (In re Cohara),* 324 B.R. 24, 27 (6th Cir. BAP 2005)("As the movant, the Debtor has the burden of showing cause for dismissal.")(citation omitted); *Jabarin,* 395 B.R. at 337 ("To dismiss a chapter 7 case voluntarily, 'the debtor has the burden of demonstrating sufficient cause.'")(quoting *In re Boyce,* 2006 WL 3061633, at *3 (E.D.Pa. 2006))(remaining citations omitted).

[8]Those factors include:
- (1) whether all of the creditors have consented;
- (2) whether the debtor is acting in good faith;
- (3) whether dismissal would result in an prejudicial delay in payment;
- (4) whether dismissal would result in a reordering of priorities;
- (5) whether there is another proceeding through which the payment of claims can be handled; and
- (6) whether an objection to discharge, an objection to exemptions, or a preference claim is pending.

*Turpen,* 244 B.R. at 434 (citations omitted). *See also Jabarin,* 395 B.R. at 338 (listing the same factors, and citing cases in addition to those cited in *Turpen* that have also applied these factors)

[9]*Turpen,* 244 B.R. at 433 ("A decision of whether to grant a motion to voluntarily dismiss a bankruptcy petition lies within the discretion of the bankruptcy judge . . .")(citations omitted); *Hopper,* 404 B.R. at 307 (same).

[10]*See Jabarin,* 395 B.R. at 337-339 (identifying three approaches to voluntary dismissal of a chapter 7 case: 1) "*any* prejudice to creditors is an absolute bar to voluntary dismissal, no matter how compelling the reasons for the debtors' request for voluntary dismissal"; 2) a "balancing of interests test" where the court considers whether dismissal is in the best interest of the debtor and the creditors, taking account the debtor's interest in a fresh start versus the creditor's concern with delay in pursuing its claim; and 3) dismissal is to be "granted freely unless it will cause 'plain legal prejudice' to creditors" (quoting *In re Hall,* 15 B.R. 913, 917 (9th Cir. BAP 1981)), but suggesting that the three lines of cases are not really distinct, since all approaches tend to consider the same factors to assess the propriety of dismissal)(remaining citations to the three approaches omitted)); *In re Aupperle,* 352 B.R. 43, 46 (Bankr.D.N.J. 2005)("In its simplest terms, the test turns on whether or not the dismissal is in the best interests of the debtor and the creditors of the estate, . . . with particular emphasis on whether the dismissal would be prejudicial to creditors.")(citations omitted).

[11]*Cf. Jabarin,* 395 B.R. at 337 (noting that "courts frequently observe that while a chapter 7 debtor may choose to place himself or herself in bankruptcy voluntarily, the debtor does not enjoy the same freedom to withdraw the bankruptcy case as of right once it has been commenced.")(citations omitted).

4

believed that their retirement funds retained their nature as an exemptible asset following use of the funds to buy the business and the subsequent deposit of the proceeds from the sale of the business.  Under the circumstances of this case, that mistaken belief is an insufficient ground to dismiss their Chapter 7 proceeding notwithstanding the Debtors' offer to negotiate and pay creditor claims following the dismissal of their bankruptcy case.  There is no guaranty that creditors will be paid following dismissal. *Cf. In re Stephenson,* 262 B.R. 871, 874 – 875 (Bankr.W.D.Okla. 2001)(pointing out that while the debtor claimed that he intended to use the tax refunds to repay creditors in full, the debtor was not specific in his commitment).  Further, the Debtors' financial incentive following dismissal would be to pay creditors who filed timely claims less than the 100% of their claims that they would receive in this bankruptcy case.  And although some factors are present that favor the Debtors' request for dismissal, the Court finds that they are insufficient to justify dismissal in the face of the Chapter 7 Trustee's objection.

There is no evidence before the Court that the Debtors filed their bankruptcy case in bad, or that they are not acting in good faith in their pursuit of dismissal.  No creditors objected to the Debtors' Motion to Dismiss.  However, the Debtors have conceded that the Funds at issue are not exempt, and the Chapter 7 Trustee has obtained a judgment for turnover of the Funds.   The non-exempt Funds appear sufficient to pay the claims of unsecured creditors in full.  The fact that the Funds the Chapter 7 Trustee seeks to administer through the bankruptcy case are on deposit in a Swiss bank account would likely make it more difficult for creditors to collect their claims in the event the bankruptcy case is dismissed and such claims remained outstanding.  This is the type of prejudice to creditors that courts uniformly find prevent debtors from voluntarily dismissing their Chapter 7 case over the objection by the Chapter 7 trustee or a creditor.[12]

---

[12]*See, e.g., In re Bartee,* 317 B.R. 362, 366 (9th Cir. BAP 2004)(finding that the debtors' voluntary dismissal would prejudice creditors in an asset case where funds would likely be available to pay unsecured creditors; debtors plan to

"Absent court oversight of payment [by the debtor to creditors], creditors are prejudiced. They bear the risk of not being paid, a very unlikely risk in a chapter 7 case. The method for insuring payment of creditors out of any non-exempt portion of estate assets is through administration under the trustee system." *Fulton,* 339 B.R. at 701.  The Court, therefore, concludes that the Motion to Dismiss should be denied so that the Chapter 7 Trustee can administer the non-exempt asset for the benefit of creditors.

    WHEREFORE, IT IS HEREBY ORDERED that the Motion to Dismiss is DENIED.

                  /s/ Robert H. Jacobvitz
                  ROBERT H. JACOBVITZ
                  United States Bankruptcy Judge

Date entered on docket:   May 23, 2012

COPY TO:

| | |
|---|---|
| Charles E. Hawthorne | Clarke C. Coll |
| Attorney for Debtors | Attorney for Chapter 7 Trustee |
| 900 Sudderth Drive | PO Box 550 |
| Ruidoso, NM  88345 | Roswell, NM  88202 |

---

liquidate assets and pay their creditors "was too speculative to establish the lack of prejudice that is a prerequisite to dismissal"); *Stephenson,* 262 B.R. at 874-75 (denying debtor's request for dismissal, finding that creditors would be prejudiced by revesting of state and federal tax funds in the debtor, notwithstanding debtor's intention to use the funds to pay creditors in full); *In re Fulton,* 339 B.R. 698, 701 (Bankr.N.D.Iowa 2006)(denying debtor's motion to dismiss despite debtor's stated intention to pay creditors from life insurance proceeds and despite debtor's assertion that she was unable to think through the implications of filing bankruptcy before she filed her voluntary petition); *Hopper,* 404 B.R. at 308 - 309 (denying debtor's request to dismiss notwithstanding the debtor's mistaken belief that her residence would be completely exempt, despite the debtor's claim that she has the ability and intent to pay creditors outside of bankruptcy).  *See also, In re Byam,* 2002 WL 32123991, at *1 (Bankr.C.D.Ill. Aug. 14, 2002)("Prejudice exists where assets which would be available for distribution are lost as a result of the dismissal.")(citing *In re McCullough,* 229 B.R. 374 (Bankr.E.D.Va. 1999))(remaining citation omitted).  *But cf. Aupperle,* 352 B.R. at 46 (granting debtor's motion to voluntarily dismiss her Chapter 7 case where debtor sought dismissal based on  fear of losing her home and the only party objecting to the debtor's was the Chapter 7 trustee, where 1) there was no evidence that the debtor's request constituted bad faith, and 2) creditors would not be prejudiced, since, following dismissal each creditor could obtain a judgment, record a lien against the property and satisfy the claim in full from a sale of the home outside of bankruptcy).